UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **PAUL CROW** | * | **CIVIL ACTION NO. 10-1779**<br>**SEC. P** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **BAKER CORPPER, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to File Charges against Ouachita Correctional Center ("OCC") and to Compel Discovery of a camera located in OCC filed by Plaintiff Paul Crow [doc. # 51]. The motion is unopposed. For reasons stated below, Plaintiff's Motion [doc. # 51] is **DENIED**.

### BACKGROUND

On January 1, 2012, Plaintiff Paul Crow, a former prisoner at the Ouachita Correctional Center ("OCC") and presently incarcerated in Forcht-Wade Correctional Center, filed the instant, *pro se* civil rights Complaint [doc. # 1] pursuant to 42 U.S.C. § 1983 against James E. Baker (incorrectly named in the complaint as "Baker Corpper"), Lt. Manning, Kenneth T. Johnson, Jared P. Desadier, and Robert A Mounts, Jr. In his original Complaint, Crow alleges that during his confinement at the OCC, he was "tortured and starved" by Defendants Baker and Manning for a ten day period, beginning on August 8, 2009 and ending on August 18, 2009 in "solitary confinement." Compl. ¶ 1.

Thereafter, on February 28, 2011, Plaintiff amended his Complaint [doc. #6] to include additional allegations and defendants. Specifically, he alleges that during the aforementioned 10-day period, Defendant Baker (1) "tazed him three times[;]" (2) Defendant Manning threw "a cup of urine into [his] face[;]" and, (3) Defendants Johnson and Desadier hit him "in the face over ten

time[s] [*sic*]." Amend. Compl. ¶ 2.  Additionally, Plaintiff alleges that he was placed into general population without the ability to make telephone calls and without being afforded medical treatment for injuries sustained during the alleged torture and starvation. *Id.* at ¶ 4. Finally, Plaintiff alleges that on October 27, 2009 he was transferred from OCC without his personal property, and his "$800 was not logged into evidence at OCC." *Id.*

On April 26, 2011, this Court, in a Memorandum Order [doc. # 7], ordered the service of process on the above captioned Defendants.  Furthermore, this Court instructed the parties not to "file 'motions for discovery,' as a motion is not the correct way to obtain discovery" and the parties should send requests "directly to counsel for the opposing party for response." [doc. # 7]. Finally, the Court ordered discovery be completed within "ninety (90) days of Defendant's first appearance." *Id.*

On August 7, 2012, Plaintiff filed a document styled as a Motion requesting that the Court "files [*sic*] charges against Ouachita Corr. Center." [doc. # 51, ¶ 3].  Additionally, Plaintiff requests that the Court compel discovery of the "'camera' at Ouachita Corr-Center."  This motion is unopposed.  *Id.* at 2. The matter is now before the Court.

## LAW AND ANALYSIS

To the extent that Plaintiff moves the Court to compel discovery, the Court reminds Plaintiff that discovery must be propounded to the opposing parties, not filed with the Court. Only if the opposing party fails to respond to discovery requests, may the part seeking discovery file a motion to compel discovery with the Court (after making further efforts to amicably resolve the issue).  *See* Fed.R.Civ.P. 37; LR 37.1W.  Additionally, in connection with a motion to compel, the movant should support the motion with copies of the discovery propounded to the other side, together with evidence of attempts to resolve the issue. To the extent that Plaintiff's

2

filing [doc. # 51] may be construed as a motion to compel discovery, it is hereby **DENIED**, as premature.[1]

To the extent that Plaintiff moves the Court to "file charges" against OCC, the Court reminds Plaintiff that it is a criminal prosecutor's role to file criminal charges, and that this court has no authority to initiate such proceedings. Prosecutors have wide discretion when it comes to deciding whether to file criminal charges with the Court, and therefore, Plaintiff should direct all requests to file criminal charges to his local Prosecutor. Accordingly, to the extent that Plaintiff's filing [doc. # 51] may be construed as a request for the Court to file criminal charges against OCC, it is hereby **DENIED.**

## CONCLUSION

For the above-stated reasons,

Plaintiff's Motion to File Charges against Ouachita Correctional Center ("OCC") and Compel Discovery [doc. # 51] is **DENIED**.

IT IS SO ORDERED.

THUS DONE AND SIGNED in Chambers, at Monroe, Louisiana, this 12th day of September 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[1] The Court observes that discovery period in this case has lapsed. *See* April 26, 2011, Memorandum Order. Thus to obtain new discovery, the parties will need to obtain an extension of the discovery deadline.