UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| PAUL CROW | * | CIVIL ACTION NO. 10-1779<br>SEC. P |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| BAKER CORPPER, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Summary Judgment filed by Plaintiff Paul Crow [doc. # 48] and a Motion for Partial Summary Judgment by Defendants Kenneth T. Johnson, Jared P. Desadier, and Robert A. Mounts, Jr. (collectively "moving Defendants") [doc. # 52-2].  Defendants' motion is unopposed.  Plaintiff's motion is opposed by Defendant James E. Baker [doc. # 53] and separately by moving Defendants [doc. # 55].

Additionally, before the undersigned Magistrate Judge is moving Defendants' Motion to Dismiss [doc. # 52-1] premised upon prescription pursuant to Fed.R.Civ.P. 12.  This motion is also unopposed by Plaintiff.

For reasons stated below, it is recommended that Plaintiff's Motion for Summary Judgment [doc. # 48] be **DENIED**.  It is further recommended that moving Defendants' Motion to Dismiss [doc. # 52-1] be **DENIED** and that their Motion for Partial Summary Judgment [doc.# 52-2] be **GRANTED**.

## BACKGROUND

On November 15, 2010, Plaintiff Paul Crow, a former prisoner at the Ouachita

Correctional Center ("OCC") and presently incarcerated in Winn Correctional Center, filed the instant *pro se* civil rights Complaint [doc. # 1] pursuant to 42 U.S.C. § 1983 against James E. Baker (incorrectly named in the complaint as "Baker Corpper"), Lt. Manning, Kenneth T. Johnson, Jared P. Desadier, and Robert A. Mounts, Jr. In his original Complaint, Crow alleges that during his confinement at the OCC, he was "tortured and starved" by Defendants Baker and Manning for a ten day period, beginning on August 8, 2009, and ending on August 18, 2009, in "solitary confinement." Compl. ¶ 1.

Thereafter, on February 28, 2011, Plaintiff amended his Complaint [doc. # 6] to include additional allegations and defendants. Specifically, he alleges that during the aforementioned 10-day period, Defendant Baker (1) "tazed him three times[;]" (2) Defendant Manning threw "a cup of urine into [his] face[;]" and, (3) Defendants Johnson and Desadier hit him "in the face over ten time [*sic*]." Amend. Compl. ¶ 2. Additionally, Plaintiff alleges that he was placed into general population without the ability to make telephone calls and without being afforded medical treatment for injuries sustained during the alleged torture and starvation. *Id.* at ¶ 4. Finally, Plaintiff alleges that on October 27, 2009, he was transferred from OCC without his personal property, and his "$800 was not logged into evidence at OCC." *Id.*

On July 24, 2012, Plaintiff filed a document styled as a Motion for Summary Judgment [doc. # 48] in which he asks the Court to grant summary judgment and settle the case for $96,000.00 in lieu of the $2.6 million originally requested in his Complaint [doc. # 1]. In opposition, Defendant James E. Baker argues that "Plaintiff has provided no evidence in support of the conclusory allegations" (Def. Opp. Memo. [doc. # 53]), while moving Defendants contend that the "document filed by Plaintiff . . . does not procedurally qualify as a Motion for Summary

2

Judgment." (Def. Opp. Memo. [doc. # 55]).

Thereafter, on August 15, 2012, moving Defendants filed a Motion to Dismiss [doc. # 52-1] Plaintiff's first claim regarding the alleged ten-day "torture and starvation" as prescribed and a Motion for Partial Summary Judgment [doc. # 52-2] limited to Plaintiff's second claim of loss of personal property. These motions are unopposed by Plaintiff. The matter is now before the Court.

## LAW AND ANALYSIS

I.  **Parties' motions for summary judgment**

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-

movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the Court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[1] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, No. 91-6197, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

    a.    **Plaintiff's Motion for Summary Judgment**

Plaintiff's Motion for Summary Judgment merely requests that this Court grant him "$96,000.00 for to Settlment [*sic*] this case." [doc. # 48, ¶ 2]. However, Plaintiff does not

---

[1] I.e., beyond doubt.

provide any support for his motion in the form of facts or legal argument. Furthermore, as Defendants properly contend, Plaintiff fails to allege that there is no genuine issue as to any material fact such that summary judgment can properly be granted.

Accordingly, this Court recommends that Plaintiff's Motion for Summary Judgment be **DENIED**.

  b.  **Moving Defendants' Motion for Partial Summary Judgment**

In moving Defendants' Motion for Partial Summary Judgment [doc. # 52-2], Defendants deny liability "for any alleged injuries or damages sustained by Plaintiff as relates to his incarceration at [OCC] or his transfer from one correctional center to another." (Def. Memo. [doc. # 52, 4]). Specifically, moving Defendants argue that at the time of Plaintiff's transfer and the loss of Plaintiff's property, he was not in the custody of the City of Monroe or the moving Defendants, and therefore, the moving Defendants could not have caused the loss of Plaintiff's property. *Id.* Moving Defendants point to affidavits [doc. # 52-3, Exh. D, E] by David Barnes, director of Administration for the City of Monroe, and Quentin Homes, Chief of Police for the City of Monroe, for the proposition that "there are no City of Monroe police officers or other employees who perform duties at OCC." (Def. Memo. [doc. # 52, 4]). Thus, moving Defendants conclude there is no genuine issue of material fact on the face of Plaintiff's § 1983 claim and summary judgment is appropriate as to Plaintiff's second claim regarding the loss of property. *Id.* at 5.

The affidavit by David Barnes merely states that "he is aware . . . [of] no budget for Monroe City employees in the police department or otherwise for duties at [OCC]." [doc. # 52-3, Exh. D]. Additionally, the affidavit by Quentin Homes only certifies that "no employee or

officer with the Monroe Police Department participates in the day to day operation of [OCC] including the transfer of detainees to other facilities." [doc. # 52-3, Exh. E]. Neither affidavit specially certifies that moving Defendants were not or could not have been the ones who transferred Plaintiff Paul Crow from OCC to WCC/FTW — WRDC. Accordingly, Defendants' evidence is insufficient to establish that there is no genuine issue of material fact, and therefore this argument fails to meet the summary judgment standard.

However, § 1983 only provides a federal remedy against a defendant who, under color of state law, deprives a plaintiff of any federal constitutional or statutory right. 42 U.S.C. § 1983. A §1983 action does not arise merely because tortious injury results from action or inaction by state officers or employees. *Hull v. Duncanville*, 678 F.2d 582, 584 (1982). To subject a state agency to the federal § 1983 remedy for deprivation of a federal constitutional or legal right, the conduct of the state officials or employees must be "sufficiently egregious as to be "constitutionally' tortious." *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019 (1981). The requisite state action must constitute "the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the stature of a violation of the Constitution." *Id.*

Furthermore, the Due Process Clause of the Fourteenth Amendment is not implicated by the negligent loss of property, thus, no procedure for compensation is constitutionally required. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). In addition, the unauthorized intentional deprivation of property by a state official does not constitute a civil rights violation as long as the state provides a meaningful post deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Louisiana affords plaintiffs due process

by providing a post-deprivation remedy. *See* La. Civ. Code art. 2315.

In this case, moving Defendants' alleged loss of Plaintiff's property may constitute a tort, but it does not constitute a constitutional tort that justifies a § 1983 action. Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles. *See Baker v. McCollan*, 443 U.S. 137, 146 (1979).

Accordingly, this Court recommends that moving Defendants' Motion for Partial Summary Judgment as to Plaintiff's second claim for loss of his property be **GRANTED**.

## II.     Moving Defendants' Motion to Dismiss

Moving Defendants' seek dismissal of Plaintiff's claims regarding his treatment during the period from August 8th to 18th as prescribed pursuant to La. Civ. Code art. 3492.[2] (Def. Memo. [doc. # 53, 3]). The District Court is authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

The Supreme Court has held that the statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues.

---

[2] Plaintiff filed a civil rights complaint in the Shreveport Division of this Court on August18, 2010. In that suit, Plaintiff alleged that he was the victim of excessive force by a corrections officer identified as Sgt. Carter while Plaintiff was incarcerated at the David Wade Corrections Center. *See Paul Crow v. Sgt. Carter*, No. 5:10-cv-1321. On August 26, 2010 he submitted another complaint along with a hand-written memorandum; that pleading was originally filed as an amended complaint in that suit. Upon further review, and since it appeared that Plaintiff was filing a new complaint about events that occurred while he was incarcerated at OCC and, since he named new defendants who apparently reside in the Monroe Division, that pleading was construed as a new complaint and filed in the Monroe Division in this suit.

*Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a § 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136, 1138 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)).

      The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a § 1983 action. *See Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980) (citing *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977)). It appears from the pleadings that Plaintiff filed an identical complaint in Louisiana's Fourth Judicial District Court, Ouachita Parish. [Doc. #1, 4]. Indeed the Complaint filed herein bears the date stamp of the Ouachita Parish Clerk of Court showing receipt of the pleadings by that office on December 10, 2009, and February 4, 2010. *Id.* Article 3463 provides "an interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending." La. Civ. Code Ann. art. 3463. However, an "[i]nterruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial." *Id.*

      Additionally, the filing of a timely lawsuit against one solidary obligor will interrupt prescription as to all solidary obligors and their successors. *See* La. Civil Code Art. 3503;

*Lehmann v. GE Global Ins. Holding Corp.*, 524 F.3d 621, 626 (5th Cir. 2008); *Williams v. Sewerage & Water Board of New Orleans*, 611 So.2d 1383 (La. 1993) (successors). Under Article 2324, a solidary obligor is defined as one "who conspires with another person to commit an intentional or willful act . . . [.]" La. Civ.Code Ann. art 2324(A).

In this case, prescription was interrupted by Plaintiff's filing suit in state court on December 10, 2009, and February 4, 2010, against "Baker Corpper" (now recognized as Defendant James E. Baker). Although Plaintiff's original state court filing was only against Defendant Baker, Plaintiff also alleges in his amended Complaint that moving Defendants acted in concert or conspired with Defendant Baker in the alleged assault. [doc. # 6, 2]. Therefore, moving Defendants are alleged to be solidary obligors under the express language of Article 2324(A). Furthermore, moving Defendants failed to allege that Plaintiff "abanond[ed] . . . dismiss[ed], . . . or fail[ed] to prosecute the suit at the trial." Quite the contrary, moving Defendants actually state "the state court suit may still be ongoing." (Def. Memo. [doc. # 52, 4]).

Accordingly, this Court recommends that moving Defendants' Motion to Dismiss on the basis of prescription [doc. # 52-1] be **DENIED**.

## **CONCLUSION**

For the above-stated reasons,

**IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. # 48] filed by Plaintiff Paul Crow be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Motion for Partial Summary Judgment [doc. # 52-2] filed by moving Defendants be **GRANTED as to Plaintiff's claims for loss of property**.

9

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss [doc. # 52-1] filed by moving Defendants be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 17th day of September 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE